John M. Boyko, SBN 73976
LAW OFFICES OF JOHN M. BOYKO
21250 Hawthorne Blvd., Suite 700
Torrance, CA 90503
Tel:  (310) 920-5037/Fax: (310) 427-6546
jboyko@gmail.com
Attorney for Plaintiff, Jean Torrance

Ian A. Rambarran, Bar No. 227366
Nicholas Schieffelin, Bar No. 302329
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California  90017
(213) 406-1100/FAX (213) 406-1101
irambarran@klinedinstlaw.com
 Attorneys for Defendant
GENESIS HEALTHCARE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN TORRANCE,<br><br>             Plaintiff,<br><br>       v.<br><br>GENESIS HEALTHCARE, INC., and DOES 1 to 100, inclusive,<br><br>             Defendants. | Case No.   2:17-cv-02130-DSF<br><br>Assigned to District Judge<br>The Honorable Dale S. Fischer<br>Magistrate Judge:<br>The Honorable Jacqueline Chooljian<br><br>**AMENDED<br>JOINT RULE 26(F) REPORT** |

The parties hereto, by and through their respective counsel of record, hereby jointly submit the following Rule 26(f) Report.  The parties apologize to the Court for the late filing of this report due to the delay in the substitution of defense counsel into this matter and the Court's grant of plaintiff's ex parte application for an order shortening time for this pending scheduling conference.

**A.    STATEMENT OF THE CASE**

1.    The matter before the court is a personal injury claim presented by a 96 year old plaintiff (Jean Torrance), who tripped and fell at a long term care

facility located at Royalwood Care Center.  Plaintiff allegedly tripped over a mat at the facility and fractured her shoulder and sustained abrasions to her leg and knee.

2. Plaintiff sought and received medical treatment, and does not have any future medical treatment and/or appointments scheduled.  Plaintiff is Medicare eligible and all relevant medical expenses have been paid by Medicare.  Medicare is asserting a recovery lien in this matter.

3. Defendant contends that the facility is owned by a third party landlord, but is operated by Royalwood Care Center, LLC and defendant Genesis Healthcare, Inc. is an indirect corporate parent of Royalwood Care Center, LLC.  Healthcare Services Group, Inc. also provides maintenance services at the facility.

**B.    SUBJECT MATTER JURISDICTION**

1. This matter was originally filed in the Superior Court of California for the County of Los Angeles, and removed by the Defendant to this Court, based on diversity of citizenship.

2. Plaintiff is a resident of California and Defendant's primary business location is in Pennsylvania.

**C.    LEGAL ISSUES**

1. The legal issues presented from Plaintiff's perspective are relatively simple, i.e., whether the Defendant negligently maintained the entrance to their facility in a reasonably safe condition by placing a raised and/or creased mat on the entrance floor without any warning of the danger created thereby and whether Defendant was negligent in supervising its employees in the administration of emergency care and attention for incidents like the one complained of by the Plaintiff.

2. Defendant contests whether it is the proper party as Defendant is simply an indirect parent of the Royalwood Care Center, LLC.  Defendant also understands that Healthcare Services Group, Inc. may have had a role with the mat at issue. In any case, Defendant does not believe it can be liable for the acts of third

1  party operators.  Defendant also contends Plaintiff failed to use due care when she
2  was walking over the mat- liability is contested.

3       **D.**     **PARTIES, EVIDENCE, ETC.**

4       Re: Plaintiff

5       Plaintiff:  Jean Torrance

6       Witness:  Darol Torrance

7       Witness:  Charlene Gallegos

8       Witness:  John Peralez

9       Witness:  Persons Most Knowledgeable from Genesis Healthcare, Inc.,
10 Royalwood Care Center, LLC and Healthcare Services Group, Inc.

11      Witness: Liability expert to be designated.

12      Witness:  Medical expert to be designated.

13      Documents:  All non-privileged or work product documents related to the
14 case.

15      Re Defendant:

16      Defendant:  Genesis Healthcare, Inc.

17      Witness:  Persons Most Knowledgeable from Genesis Healthcare, Inc.,
18 Royalwood Care Center, LLC and Healthcare Services Group, Inc.

19      Witness:  Carlos Avalos; Jon Peralez, Bayron Gonzales and patient
20 witness(es) per protective order pursuant to HIPPA.

21      Witness:  Expert witnesses regarding liability and medical treatment;

22      Documents: All non-privileged or work product documents related to the
23 event.

24      **E.**     **DAMAGES**

25      1.     Plaintiff claims to have suffered a non-displaced fracture to her right
26 shoulder and abrasions to her right leg and knee from the fall.  Plaintiff contends
27 that the reasonable range of an award of damages to be between $150,000 and
28 $350,000.

2. Defendant contends the reasonable range of an award for damages is $0.00 to $15,000 for a non-displaced fracture. If Defendant has no operational control over the facility, it cannot be liable as a matter of law. Defendant's counsel has been informed that the medical expenses associated with Plaintiff's treatment are estimated not to exceed $6,000 by plaintiff's counsel.

**F. INSURANCE**

1. Plaintiff is Medicare eligible and incurred approximately $6,000 in medical expenses.

2. Defendant is being afforded a defense by Healthcare Service Group, Inc. Should insurance coverage be necessary it will be afforded through Nation Union Fire Insurance Company, an AIG company. No reservation of rights has been issued as of today.

**G. MOTIONS**

1. Due to Plaintiff's age (currently 96) and fragile condition, Plaintiff requests trial at the earliest possible date and time.

2. Defendant anticipates filing a motion for summary judgment and respectfully requests enough time to depose Plaintiff, her treating physicians, and third party witnesses. Defendant must also conduct written discovery and retain experts before any such motion can occur.

**H. MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case which requires the application of the Manual for Complex Litigation.

**I. STATUS OF DISCOVERY**

1. Discovery has not yet commenced. Plaintiff presently anticipates the need for some discovery for her case, including without limitation, inspections, witness and expert depositions, and written discovery, as noted in the discovery plan that follows.

///

2. Defendant wishes to conduct discovery, as noted in the discovery plan that follows.

**J.  DISCOVERY PLAN**

Subject to possible change due to Plaintiff's age and health concerns and request for preferential trial setting, the parties submit the following discovery plan as requested in Schedule A attached hereto.

**K.  DISCOVERY CUT OFF**

Per Schedule A attached hereto, Plaintiff requests discovery cut off 45 days before trial, and Defendant requests discovery cut off 60 days before trial.

**L.  EXPERT DISCOVERY**

Per Schedule A attached hereto, Plaintiff and Defendant request expert discovery cut off to be 30 days before trial.

**M.  DISPOSITIVE MOTIONS**

1. Plaintiff believes that she will not file a dispositive motion.

2. Defendant believes a motion for summary judgment would be appropriate given the Defendant's role vis-à-vis this facility.

**N.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have agreed to ADR with a U.S. Magistrate Judge.

**O.  TRIAL ESTIMATE**

The parties agree that the estimate for the jury trial of this matter is four to five days.

**P.  TRIAL COUNSEL**

For the Plaintiff:  John M. Boyko

For the Defendant:  Ian Rambarran and Kevin Gramling

**Q.  INDEPENDENT EXPERT OR MASTER**

The parties agree that there is no need for an independent expert or master in this case.

**R.   TIMETABLE**

See Schedule of Pretrial and Trial Dates form attached hereto as Exhibit A.

|  |  |
|---|---|
|  | LAW OFFICES OF JOHN M. BOYKO |
| DATED: June 21, 2017 | By: */s/ John M. Boyko*<br>John M. Boyko<br>Attorneys for Plaintiff<br>JEAN TORRANCE |
|  | KLINEDINST PC |
| DATED: June 21, 2017 | By: */s/ Ian A. Rambarran*<br>Ian A. Rambarran<br>Attorneys for Defendant<br>GENESIS HEALTHCARE, INC. |

## ATTESTATION

In compliance with Local Rule 5-4.3.4(a)(2)(i), the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories thereto.

*/s/ Ian A. Rambarran*_____

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

**CASE NAME:** Jean Torrance v. Genesis Healthcare, Inc.
**CASE NO:** 2:17-cv-02130-DSF-JC

| Matter | Time | Weeks before Trial | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length 4-5 days) **(Tuesday)** | 8:00 a.m. | | 10/24/17 | 2/20/18 | |
| **For Court Trial** Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | 1/29/18 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 3:00 p.m. | 4 | 10/16/17 | 1/22/18 | |
| **For Jury Trial** Lodge Pretrial Conference Order, LR 16-7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 6 | 10/9/17 | 1/29/18 | |
| **For Jury Trial** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5,6; File Status Report Regarding Settlement; File Motions in Limine | | 7 | 10/16/17 | 1/22/18 | |
| Last date to conduct ADR Proceeding, LR 16-15 | | 12 | 9/18/17 | 11/27/17 | |
| Last day for **hearing** motions, LR 7 | | 14 | 10/16/17 | 2/5/18 | |
| Non-expert Discovery Cut-off | | | 9/11/17 | 12/22/16 | |
| Expert Disclosure (initial) | | | 9/18/17 | 12/18/17 | |
| Expert Disclosure (rebuttal) | | | 9/25/17 | 1/15/18 | |
| Expert Discovery Cut-off | | | 10/9/17 | 1/22/18 | |
| Last Date to Amend Pleadings or Add Parties | | | 7/24/17 | 7/24/17 | |

LR 16-15 ADR Choice:   __X__ 1. USMJ       _____ 3. Outside ADR

_____ 2. Attorney Settlement Panel

17005229v1